## WINTER et al. v. JOHNSON.

Error in admitting testimony elicited on leading and suggestive questions is harmless, where the testimony concerned minor details, or the same matters were testified to under unobjectionable questions.

Objection to a deposition as a whole is properly overruled when part is admissible.

Evidence held to sustain findings that a contract to convey was obtained through fraud.

Generally one of ordinary intelligence dealing with another, in the absence of any fiduciary relation, cannot avoid a contract on the ground of false representations if he has not used ordinary care.

Findings on conflicting evidence will not be disturbed on appeal.

(Opinion filed June 21, 1911.)

Appeal from Circuit Court, Jerauld County. Hon. Frank B. Smith, Judge.

Action by George E. Winter and another, William Winter's executors, against John A. Johnson. From a judgment for plaintiffs and from an order denying a new trial, defendant appeals. Affirmed.

*James Brown,* for appellant. *Preston & Wagner,* for respondents.

HANEY, J. This appeal is from a judgment canceling a recorded contract affecting real property on the ground of fraud, and an order denying defendant's application for a new trial.

The original plaintiff having died before judgment, the action was continued in the name of his executors. The instrument in controversy was executed and acknowledged at Los Angeles, Cal., March 15, 1907, to take the place of certain previously executed contracts relating to the same subjects. The facts constituting the alleged fraud are stated in the complaint, the sufficiency of which is not challenged. In brief, the charge is that the plaintiff who was 76 years of age, and in poor health, was induced by the defendant to execute the instrument by falsely representing that it had been prepared by the plaintiff's son, who resided at Mason City, Iowa, that its terms were the same as the terms of the existing contracts, and that the only purpose of its execution was to have the existing contracts expressed in a writing which might be recorded; whereas, in fact, the plaintiff's son had neither prepared nor been consulted in regard to its preparation, and it was substantially different from the existing contracts.

[1] It is contended the trial court erred in overruling numerous objections to questions in the plaintiff's deposition on the ground that they were leading and suggestive. Many of these questions merely called for a repetition of testimony previously given in response to unobjectionable interrogatories. Others merely elicited minor details which could not have prejudiced any substantial rights of the defendant, the cause having been tried by the court without a jury. In view of the plaintiff's age, his physical and mental condition, and all the circumstances, there was no abuse of discretion in overruling these objections.

[2] Plaintiff having offered all the direct and redirect testimony of C. F. Remmel, taken by deposition at Los Angeles, defendant objected on the ground "that the testimony of this witness is incompetent, the witness not being a competent or qualified witness, because his testimony discloses that he is the notary who took the acknowledgement to the contract, * * * and his testimony is wholly in the nature of a contradiction of his official certificate and he is not a competent witness to contradict his own certificate," the plaintiff suggested that the objection was improper, it not having been interposed when the

deposition was taken; and the whole deposition was received subject to the objection. Assuming defendant was entitled to interpose this objection for the first time on the reading of the deposition, it was properly overruled for the obvious reason that it demanded the exclusion of the entire deposition, parts of which were clearly admissible.

[3] The learned trial court found the facts to be substantially as alleged in the complaint. It is contended the evidence was not sufficient to justify its decision. It has all received thoughtful consideration. Though conflicting, there is a clear preponderance to support the findings that the defendant represented that the instrument had been prepared by the plaintiff's son, that it was substantially the same as the former contracts, and that it merely expressed the existing understanding of the parties in a writing which might be recorded. It clearly appears that such representations were false and known to be false by the defendant. So the only debatable questions are these: (1) Did the plaintiff know the contents of the instrument before its execution? (2) If not, did he rely on defendant's representations? (3) Had he a right to rely thereon? As to the first question, the evidence was conflicting, and the findings of the learned trial court must be sustained. The same is true of the second question. While it appears that the plaintiff could read and that he had an opportunity to read the contract before its execution, it clearly appears that he was in poor health, and that his eyesight was defective. It is clear that the contract was not read in his hearing. So, assuming, as we must, that the plaintiff did not know the contents of the writing, was he chargeable with negligence for having signed it without ascertaining its contents?

[4] Undoubtedly the general rule is that a person or ordinary intelligence dealing with another, in absence of any fiduciary relation, should exercise ordinary care, and cannot rescind a contract on the ground of false representations, when he has not exercised such care. But each case must be determined upon the facts and circumstances attending the execution of the contract. This plaintiff was 76 years of age. He had but recently been removed from

a hospital. He was in feeble health. He was acquainted with the defendant; and the representation that his son had prepared the contract was one well calculated to induce him to believe that the instrument was one he might safely execute without further investigation. It is true that on cross-examination he declined to admit that his mental faculties were appreciably impared. But that is characteristic of old people. They rarely, if ever, are willing to confess the infirmities of old age. Indeed, they rarely, if ever, fully realize the impairment of their physical and mental powers. While some aged persons are excessively cautious and suspicious, others become as credulous as children. In the prime of his manhood and perfect health, the plaintiff might not have executed this or any other contract without having ascertained its contents, but we can readily believe that he would and did so in view of all the facts and circumstances disclosed by this record. We think the evidence fully justifies the conclusion that the defendant caused the contract to be prepared and made the trip to California for the express purpose of taking advantage of the plaintiff's condition; that he designedly took advantage of the condition in which he found the plaintiff; and that he knew the plaintiff was being deceived and defrauded when he procured his signature and acknowledgment to the instrument in question. Surely such conduct should not receive the sanction of a court of equity. Furthermore, "actual fraud is always a question of fact." Rev. Civ. Code, § 1203.

[5] As heretofore suggested, the learned trial court found from conflicting evidence in favor of the plaintiff upon all the issues raised by the pleadings, and under the uniform decisions of this court such findings cannot be disturbed. The judgment and order appealed from are affirmed.